**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1855

RAFAEL ARROYO,

Plaintiff, Appellant,

v.

CAROLYN W. COLVIN,

Commissioner of Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Hawkins,[*] and Barron,
Circuit Judges.

Juan M. Frontera-Suau, with whom Kenneth Colón and Frontera Suau Law Offices, PSC, were on brief for appellant.
Fidel A. Sevillano Del Río, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Tiffany V. Monrose, Assistant United States Attorney, were on brief, for appellee.

[*] Of the Ninth Circuit, sitting by designation.

March 4, 2016

**HAWKINS**, <u>Circuit Judge</u>.  Plaintiff Rafael Arroyo ("Arroyo") appeals the district court's grant of summary judgment to the United States Social Security Administration ("Defendant"). Arroyo alleges Defendant failed to promote him in retaliation for activities he undertook as a union representative on behalf of others and for his own EEOC complaints.  We affirm.

## STATEMENT OF PROCEDURAL HISTORY AND UNCONTESTED FACTS

Plaintiff has been employed with the Social Security Administration ("agency") in various capacities since 1991, working as a Teleservice Representative in the San Juan Teleservice Center ("TSC") from 1991 through 2003, and being promoted to grade GS-8 level in April 1999.  Since May 2003 he has been employed as a Claims Representative, grade GS-11, in the Hato Tejas Branch Office.  Between 1993 and 2012, plaintiff represented other agency employees in Equal Employment Opportunity ("EEO") grievances and other labor matters.  <u>Arroyo</u> v. <u>Colvin</u>, No. 12-1846, 2014 WL 2615750, at *1 (D.P.R. June 12, 2014).

Between 1997 and 2011, plaintiff applied for numerous promotions, but was not awarded any of the positions.  After filing several claims with the Equal Employment Opportunity Commission ("EEOC"), Arroyo filed a federal complaint against Defendant alleging retaliation and gender discrimination, and also referencing age discrimination.

-3-

Defendant moved for summary judgment, which the district court granted, concluding that even if Arroyo had established a prima facie case of retaliation, he had not presented evidence that could carry his burden of proving that the legitimate, nondiscriminatory reasons proffered for promoting other candidates were merely pretext for retaliation. Id. at *1-3. Arroyo timely appealed; only his retaliation claims are at issue on appeal.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo. Alvarado v. Donahoe, 687 F.3d 453, 458 (1st Cir. 2012). Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).

## DISCUSSION

To prove a claim of retaliation, Arroyo must establish that (1) he engaged in a protected activity; (2) experienced an "adverse employment action"; and (3) there was a "causal connection between the protected conduct and the adverse employment action." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004). If Arroyo establishes a prima facie case, then the Defendant must articulate a legitimate, nondiscriminatory reason for its actions, Soto-Feliciano v. Villa Cofresí Hotels, Inc., 779 F.3d 19, 30 (1st Cir. 2015), and the burden returns to the plaintiff to demonstrate

-4-

that the agency's reasons were pretextual.  Id. at 31.  There is

no dispute that Arroyo engaged in a protected activity and that

failure to promote can be an adverse employment action, thus his

appeal centers around whether the agency's reasons were

pretextual.

A.   Case # 99-0223[1]

This EEOC complaint involved a failure to promote under two

different vacancy announcements in March and April 1997, one

involving a single position which was withdrawn and another

involving eleven positions in which Arroyo was one of many

candidates on the best-qualified list but ultimately not selected

for any of the positions.   Even assuming that Arroyo's

representation of employees in EEOC grievances is sufficient to

create a prima facie case of retaliation,[2] Arroyo did not create a

---

[1]    The parties and the district court refer to Arroyo's claims based on the EEOC case numbers, and we do the same.

[2]    Arroyo claims that he has established a prima facie case of causal connection because of the temporal proximity of his activities as a union representative and his failure to receive the promotions.  However, Arroyo's affidavit is somewhat vague and broken into three separate periods of time:  "Since around 1993 approximately until 1995 plaintiff represented union employees in EEO grievances and other labor related matters against the agency and its officials," "Since 1995 until 2009 plaintiff represented several employees in EEO processes within the agency," and finally, referring to a list of all cases he had been involved in from 2009 until July 2012.  The district court concluded that these dates were too vague and imprecise to create a strong inference of causality all the way from 1993 to 2012.  The court noted that there was no evidence that his representation was continuous, as Arroyo could have represented one employee in 1995 and another in 1999 or not until 2009.  Arroyo, 2014 WL 2615750, at *5-6.  We

material issue as to whether the Defendant's legitimate, non-discriminatory reasons for declining to promote him were pretextual.

With respect to the single vacancy for a claims representative in the St. Croix office, the vacancy was cancelled because one of the current claims representatives had planned to transfer to Florida but changed her mind. Three of the eleven other vacancies were hired by Ms. Hernández, who indicated she had personal experience working with each of the three persons she hired, including one who was a former secretary, and she had no personal experience working with Mr. Arroyo. Hernández indicated she considered Arroyo for the position, but there was "nothing in his application that stood out when compared to those selected."

Three other claims representative positions were filled by Ms. Montalvo, who due to staffing limitations was unable to select any applicant "not employed in the Mayagüez district" and made her decision entirely on seniority when selecting among those applicants. Montalvo stated she did not consider Arroyo or any other applicant outside the Mayagüez district.

---

need not resolve this issue because, as discussed below, even assuming Arroyo established a prima facie case, the court correctly granted summary judgment to the Defendant on alternate grounds.

Mr. Siaca selected two applicants to fill positions in the Arecibo office, choosing one who was the service representative with the most seniority in the Arecibo office and another, who was a current claims representative, and thus better qualified than other candidates. Siaca indicated he considered all the applicants on the Best Qualified List, including Arroyo, but "nothing in his record made him stand out."

Mr. Negrón hired the final three claims representative positions. He hired one individual for the Caguas office who was already performing well in that office based on his own observations and those of a supervisor, another individual who had fifteen to twenty years of experience and was highly recommended by a supervisor, and another for the Cayey office who had previously been a well-performing claims representative in that office but had resigned for medical reasons and had to come back to work as a service representative instead. Negron also indicated he considered Arroyo for the positions but nothing in his application "stood out."

In each instance, Defendant offered legitimate and nondiscriminatory reasons for promoting other individuals. See Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 250 (1st Cir. 1997) ("[W]e do not assume the role of a super personnel department, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions.") (internal

citations and quotations omitted).  Arroyo introduced no evidence or facts which would enable a jury to find that these reasons were a sham to cover up retaliation against him.  <u>Meléndez</u> v. <u>Autogermana, Inc.</u>, 622 F.3d 46, 52 (1st Cir. 2010).

**B.   Case # 00-0489**

In March 2000, Arroyo applied for a promotion to one of five claims representative positions.  He was included on the Well Qualified List but not selected.  His complaint alleged he was not selected because of his gender and in reprisal for his prior EEO activity.  He appeals only the retaliation claim.

Mr. Caraballo hired an individual to fill the claims representative position in the small St. Croix office.  Caraballo indicates he selected this individual because she worked in the office already, had received numerous performance awards for her service, and was also familiar with and involved in the Virgin Islands community.  Mr. Negrón hired the remaining four claims representative positions, indicating he selected persons based on personal observations of their work, supervisors' reports, and longevity of service (over nineteen years each), whereas Arroyo had only nine years of experience at the time.

Although Arroyo complains that the reasons given suggest the agency is promoting friends instead of using merit-based criteria, there is nothing to suggest that the proffered reasons are really pretext for retaliation against Arroyo.  <u>See</u> <u>Vélez</u> v. <u>Thermo King</u>

-8-

de Puerto Rico, Inc., 585 F.3d 441, 452 (1st Cir. 2009) (plaintiff must do more than "impugn the veracity of the employer's justification; he must elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real [and unlawful] motive of discrimination") (citation and quotation marks omitted) (alteration in original).

**C.    Case No. 09-0500**

In January 2009, Arroyo applied for a promotion to San Juan TSC Supervisor (GS-12).  Arroyo had worked as a teleservice representative (GS-8) in the San Juan TSC 1999-2003 and as a claims representative (GS-11) in the Hato Tejas office 2003-2009.  The hiring decisionmaker, Ms. Carrasquillo, selected a person with a total of seventeen years of experience in San Juan TSC, including four positions of increasing responsibility (GS-8 to GS-12).  Ms. Carrasquillo stated she was looking for a candidate who had significant experience working at TSC.  Arroyo only had four years of experience at TSC, and that was several years prior and at a lower level.  Again, Arroyo has not offered any evidence beyond temporal proximity that would create an issue of fact as to whether Defendant's explanation of its hiring decision was pretextual. Pointe v. Steelcase Inc., 741 F.3d 310, 323 (1st Cir. 2014).  On these facts, he has failed to bear his burden of demonstrating that the reasons proffered for selecting the other candidate were

-9-

"not the true reason for the employment decision." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

**D. Case # 11-0675**

Arroyo's final case involves his failure to receive a promotion to Deputy TSC Manager in February 2011. The hiring decisionmaker, Ms. Hachicho, stated that she was looking for someone with supervisory experience for the position because in the absence of the manager, the deputy manager would run the entire office. Hachicho was also looking for someone with claims process experience, because the deputy manager would supervise the claims representatives. According to Hachicho, the individual she hired was by far the strongest candidate because she possessed both supervisory experience and claims taking experience. Arroyo had the claims experience, but did not have any formal supervisory experience. Hachicho stated that if an applicant did not have both, she put them to the side and focused instead on the applicants who met both criteria. Again, the agency has proffered a legitimate reason for promoting someone instead of Arroyo and there is no evidence suggesting this was merely pretext for retaliation.

For the foregoing reasons, we agree with the district court that "viewing the summary judgment record as a whole, no rational jury could find that plaintiff was denied the promotions in question because of his protected activity" in light of the

-10-

sufficient nondiscriminatory reasons given by the Defendant. <u>Arroyo</u>, 2014 WL 2615750, at *17.

**AFFIRMED.**